## Commonwealth v. Weir

*H. Lyle Houpt*, assistant district attorney, for Commonwealth.

FORREST, J., October 16, 1953.—On July 9, 1953, defendant herein filed his petition for appeal from the conviction on June 29, 1953 by one of the justices of

the peace of this county of a charge under The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §1, etc. It is obvious that this appeal was taken subsequent to the time allowed by the Act of April 17, 1876, P. L. 29, sec. 1, 19 PS §1189, which reads as follows:

"In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, the defendant, even though any fine imposed has already been paid, may, within *five days* after such conviction, appeal to the court of quarter sessions of the county . . .". (Italics supplied.)

Defendant argues that act was amended by the Act of June 3, 1953, extending the time to 10 days within which an appeal may be taken. The answer to that contention is, that since there is no provision in the amendment as to when it is to go into effect, section 4 of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. I, sec. 4, 46 PS §504, reading as follows, is applicable:

"All laws hereafter enacted finally at a regular session of the Legislature, except laws making appropriations, and except laws affecting the budget of any political subdivision, shall be in full force and effect from and after the first day of September next following their final enactment, unless a different date is specified in the law itself, or if enacted finally after the first day of September of the year of the regular session, or after the date specified in the law, the same shall become effective immediately upon final enactment."

Consequently, defendant was late in taking his appeal and, therefore, it must be quashed.

And now, October 16, 1953, the appeal in the above matter is quashed and defendant is ordered to appear for sentence at 10 a.m., November 6, 1953, in courtroom D.